## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## DELTA DIVISION

DESMOND L. MAYZCK, on Behalf of Himself and
Others Similarly Situated,                                                          PLAINTIFF,

VS.                                                                  CIVIL ACTION NO. 2:08CV220-P-S

EAGLE ONE LOGISTICS, INC.,                                                         DEFENDANTS.

## ORDER

This matter comes before the court upon Defendant Eagle One Logistics, Inc.'s motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) or, alternatively, motion for more definite statement pursuant to Rule 12(e) [9]. After due consideration of the motion and the responses filed thereto, the court finds as follows, to-wit:

Pursuant to Fed. R. Civ. P. 12(b)(6) a defendant may file a motion to dismiss a plaintiff's claim or claims for failure to state a claim upon which relief can be granted. The traditional test for ruling upon a 12(b)(6), as announced in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), is "in appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." However, the U.S. Supreme Court in *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1968-69 (2007) "retired" that test, stating instead that:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative

1

level, [and] "the pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action", on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

127 S.Ct. at 1964-65. (some citations omitted for clarity).

Thus, the court must determine whether the defendant has established that the plaintiff's factual allegations in his Complaint, taken as true, are enough to raise a right to relief above the speculation level.

However, the plaintiff is correct that the Supreme Court in *Erickson v. Pardus*, 551 U.S. 89 (2007), decided just after *Twombly*, observed: "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" (citing *Twombly*, 127 S.Ct. 1955).

Section 216(b) of the Federal Labor Standards Act allows a plaintiff to sue his employer on his own behalf and other employees similarly situated for alleged unpaid overtime compensation. 29 U.S.C. § 216(b). However, "the other employees do not become plaintiffs in the action unless and until they consent in writing." *Sandoz v. Cingular Wireless, LLC*, — F.3d —, 2008 Wl 5341434, * 2 (5th Cir. 2008). Pursuant to § 216(b), "an employer who violates the overtime provisions is liable not only for the unpaid overtime compensation, but also for 'an additional equal amount as liquidated damages.'" *Singer v. City of Waco, Tex.*, 324 F.3d 813, 822 (5th Cir. 2003).

Having considered the matter, the court concludes that the Complaint meets the standards of Fed. R. Civ. P. 8(a)(2) and that it technically states a claim for violation of § 216(b). First, the defendant employer has been provided with the employee's name, the fact that he worked for the defendant, and the simple allegation that the defendant did not pay the plaintiff(s) overtime

compensation during one or more weeks during the last three years. Though the Complaint could have been more detailed, it is not required to be pursuant to Rule 8(a)(2) and *Erickson*. The defendant is in possession of its employee records and may consult those records to obtain the plaintiff's particular records. The remaining details sought in the instant motion must come from initial disclosures and must be developed during discovery.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Defendant Eagle One Logistics, Inc.'s motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) or, alternatively, motion for more definite statement pursuant to Rule 12(e) [9] is **DENIED**.

**SO ORDERED** this the 3rd day of February, A.D., 2008.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE